UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES

V.

CHRIS HENSON, Et. Al.,
    Defendant.
_____/

CRIMINAL COMPLAINT
No. 2:06CV-104

Robert Holmes Bell
Chief, U.S. District Judge

Timothy P. Greeley
U.S. Magistrate Judge

I the undersigned Complainant being duly sworn, deposes and states the following is true and correct to the best of my knowledge and belief. On October 20, 2005, a set of events started and defendants Henson, Winnicki, McQuiggin, Brown and Theut conspired to deprive and did deprive Complainant of constitutionally protected rights under color of law, by impeding access to the Courts, Retaliation, deliberate indifference and violation of due process, in violation of the First and Fourteenth Amendment of the United States Constitution and Title 18 U.S.C.A. § 241 and 242. I further state that I am an incarcerated citizen and this complaint is based on the following facts:

Complaint states as followes in the attached Affidavit and made apart hereof:

DATE: 4/5/06                    Signature: _Rodgerick S. Roath_

NOTARY:



UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES,
    Plaintiff,

V.

CHRIS HENSON, Et. al.,
    Defendants.
_____/

CRIMINAL COMPLAINT
NO. _____

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Rodgerick Sean Booth, first being sworn, deposes and states:

1. I am the above named complainant and I was incarcerated at Chippewa Correctional Facility at all time relevant to this complaint.

2. Defendant Chris Henson, is employed at the Chippewa Corr. Fac., 4269 West M-80, Kincheloe, Mich. 49784, as a Librarian.

3. Defendant Amanda Winnicki, is employed at the Chippewa Corr. Fac., 4269 West M-80, Kincheloe, Mich. 49784, as the Library Manager.

4. Defendant Gregory McQuiggin, is employed at the Chippewa Corr. Fac., 4269 West M-80, Kincheloe, Mich. 49784, as a Deputy Warden.

5. Defendant Brown, is employed at the Chippewa Corr. Fac., 4269 West M-80, Kincheloe, Mich. 49784, as a supervisory officer (Sergeant).

6. Defendant Theut, is employed by the M.D.O.C.'s Hearings Division as a Hearings Officer and his place of business is Chippewa Corr. Fac., 4269 West M-80, Kincheloe, Mich. 49784.

7. All defendants have acted and continue to act under color of state law.

8. Upon my personal knowledge on October 20, 2005, in the Western District of Michigan, defendant Henson set in motion a chain of events that resulted in the violations of plaintiff's rights by all named defendants.

9. As explained in this affidavit and attached exhibits the defendants did conspire to deprive and did deprive complainant of his constitutionally protected rights under color of law.

10. On October 20, 2005, defendant Henson deprived complainant of access to the courts while plaintiff had civil litigations pending in the federal courts, by sending complainant back to his unit after only one hour of law library because complaint needed to use the restroom. See attached Exhibit-A.

11. On October 26, 2005, defendant Winnicki reviewed complainant on the grievance he had written

concerning the violations of defendant Henson and upheld defendant Henson's conduct. See attached Exhibit - B.

12. On October 27, 2005, defendant Henson sent complainant to his unit again and he was not allowed to complete his research concerning his civil action. See attached Exhibits - A & C.

13. On November 23, 2005, defendant McQuiggin reviewed complainant's Step-II grievance appeal concerning the violations of his rights by defendant Henson and defendant McQuiggin upheld defendant's actions.

14. On December 15, 2005, defendant Henson retaliated against complainant by fabricating a major misconduct against complainant.

15. Complainant was reviewed on the fabricated misconduct by defendant Brown and even in light on the defining element of intent being absent from the misconduct, defendant Brown revoked complainant's bond and placed complainant in segregation although the misconduct clearly states Top lock status.

16. Complainant had attended law library call-out for approximately nine months with no problems prior to filing a grievance against defendant citing he would seek civil action.

17. On December 20, 2005, defendant Theut found complainant guilty of the fabricated misconduct with clear knowledge that the misconduct did not possess the defining element of intent.

18. On January 9, 2006, defendant Theut found complaint guilty of another fabricated misconduct written by defendant Henson in retaliation.

19. The alleged misconduct alleged that complainant gave forged documents to an unidentified person on an unidentified date and time.

20. Defendant Theut found complainant guilty of the falsified forgery misconduct with the knowledge that the person the alleged document was given to was not identified and there was no date or time of the alleged violation identified in the misconduct.

I declare under penalty of perjury pursuant to 28 U.S.C.A. § 1746, that the before mentioned is true.

Wherefore, I pray that a warrant issue for the arrest of all said defendants.

Date: 4/5/06           Signature: Rodgerick S. Booth

Notary:

United States Magistrate
Western District of Michigan