UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RODGERICK SEAN BOOTH #188768,   )
                                )
            Plaintiff,          )   Case No. 2:06-cv-104
                                )
v.                              )   HON. ROBERT HOLMES BELL
                                )
CHRIS HENSON, et al.,           )
                                )   **OPINION**
            Defendants.         )
_____)

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff Rodgerick Sean Booth, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Librarian Chris Henson, Library Manager Amanda Winnicki, Deputy Warden Gregory McQuiggin, Sergeant Unknown Brown, and Hearings Officer Unknown Theut. Plaintiff states that Defendants were all employed at the Chippewa Correctional Facility (URF) at the time the events in the underlying complaint occurred.

Plaintiff alleges that on October 20, 2005, while he was incarcerated at URF, Defendant Henson sent Plaintiff back to his unit after only one hour of law library because Plaintiff needed to use the restroom. On October 26, 2005, Defendant Winnicki denied Plaintiff's step I grievance, stating that Policy provided for Level IV prisoners to leave the library only during authorized breaks. Defendant Winnicki noted that Plaintiff was given the option to either terminate his library callout and return to the unit or to wait until the Level IV break time to use the restroom. On October 27, 2005, Defendant Henson again sent Plaintiff back to his unit from the library early. On November 23, 2005, Defendant McQuiggin denied Plaintiff's step II grievance appeal.

Plaintiff alleges that on December 15, 2005, Defendant Henson retaliated against Plaintiff by fabricated a major misconduct ticket. Defendant Brown reviewed the misconduct and placed Plaintiff in segregation. On December 20, 2005, Defendant Theut found Plaintiff guilty of the misconduct ticket. On January 9, 2006, Defendant Theut found Plaintiff guilty of a second fabricated misconduct ticket written by Defendant Henson. Plaintiff seeks to have Defendants arrested.

II.     Lack of exhaustion of available administrative remedies

Initially, the court notes that Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 122 S. Ct. 983 (2002); *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 122 S. Ct. at 984; *Booth*, 532 U.S. at 741,121 S. Ct. at 1824. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or

unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ J (may grieve acts of reprisal for using the grievance process or for assisting others in filing grievances) (effective Oct. 11, 1999 and Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff attaches a copy of the step II and III grievance responses, which show that Plaintiff named Defendant Henson in his grievance. However, it does not appear as if Plaintiff filed grievances on Defendants Winnicki, McQuiggin, Brown or Theut. The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to Defendants Winnicki, McQuiggin, Brown and Theut.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson*, *et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL

534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court may dismiss Plaintiff's action without prejudice.

However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Because Plaintiff's complaint lack merit, the court will dismiss the complaint with prejudice without first requiring Plaintiff to exhaust any available administrative remedies.

### III.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff appears to be claiming that Defendants' conduct violated his right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts.

*Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff fails to specifically allege any actual harm to pending or existing litigation. Therefore, his access to courts claim lacks merit.

Plaintiff claims that Defendant Henson, by fabricating major misconduct tickets against him, acted in retaliation because Plaintiff had filed a grievance against him. The filing of grievances is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *Shehee*, 1999 WL 1029294, at *4. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and

(3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "Merely alleging the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. April 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. March 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that Defendant Henson wrote the misconduct tickets because Plaintiff had filed a grievance against him. Accordingly, his speculative allegation fails to state a claim.

Moreover, Plaintiff's claims that he was convicted of false, retaliatory misconducts written by Defendant Henson are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff claims that Defendant Henson wrote false misconducts against him in retaliation for exercising, or threatening to exercise, his First Amendment rights to file grievances and law suits. The Supreme Court has held that a claim for declaratory relief and monetary damages, based upon allegations of deceit and bias on the part of the decisionmaker that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Court relied upon *Heck*, 512 U.S. at 486-87,

which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges). *See also Shakur Muhammad v. Close*, No. 02-9065, 2004 WL 344163 (Feb. 25, 2004) (holding that *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

Plaintiff claims that he was falsely charged and convicted of two misconducts written by Defendant Henson. Plaintiff's claims necessarily imply the invalidity of his misconduct convictions. Under *Edwards*, Plaintiff must first show that his misconduct convictions have been invalidated before his § 1983 action will be cognizable. *See Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000) (prisoner's claim that his due process and Eighth Amendment rights were violated by false, retaliatory misconduct charges necessarily implies the invalidity of the guilty findings on the misconduct tickets). Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ X. Thereafter, a prisoner may appeal the misconduct conviction to the state circuit court. MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ AA (concerning appeal). If Plaintiff is unsuccessful in the circuit court, he could then apply for leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court. *See* M.C.R. 7.203(B); 7.302. If he is not

successful in the state courts, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1] Plaintiff sought rehearing of his convictions in the Hearings Division, but does not allege or show that he appealed his misconduct convictions to the state courts. Because Plaintiff has not shown that his convictions have been invalidated, his claims are not presently cognizable.

Finally, the court notes that the only relief being sought by Plaintiff is a warrant for Defendants' arrest. A civil rights action is not a proper vehicle for attempting to bring criminal charges. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir. 1994) (private party lacks standing to compel the state to pursue criminal or civil actions).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

      This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

      A judgment consistent with this opinion will be entered.


Date:   May 4, 2006                           /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              CHIEF UNITED STATES DISTRICT JUDGE